IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY LEE RINDAHL,

                        Plaintiff,

   v.

SCOTT WALKER, BRAD SCHIMEL,            OPINION & ORDER
JOHN DOE DOJ SECTION CHIEF,
SARA LARSON, BETTY KRUSE, and             17-cv-445-jdp
ANY AND ALL UNKNOWN
PERSONNEL FOR THE DEPARTMENT OF
JUSTICE STATE OF WISCONSIN,

                        Defendants.

---

Plaintiff Randy Lee Rindahl, a state of South Dakota inmate, has filed this lawsuit against state of Wisconsin officials. He seeks leave to proceed *in forma pauperis*. From the financial information Rindahl has provided, I conclude that he is completely indigent and is not required to prepay any amount of the $350 filing fee.

The next step in this case is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Rindahl is a pro se litigant, I must read his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam).

This court has previously transferred lawsuits brought by Rindahl because all of the defendants were located in South Dakota. *See Rindahl v. Pristen*, No. 13-cv-313-bbc, 2013 WL 3808171 (W.D. Wis. July 22, 2013); *Rindahl v. Daugaard*, No. 11-cv-121-slc, 2011 WL 4064515 (W.D. Wis. Sept. 13, 2011). Rindahl's new complaint does not share that problem: he names various state of Wisconsin officials as defendants.

But Rindahl's complaint has other problems. First, some of his allegations are far too vague to support any claims. He says he received a letter from defendant Betty Kruse, a Wisconsin Department of Justice paralegal, that included a Wisconsin Department of Corrections offender number. He says that this letter:

> created a falsified felony conviction . . . but also environment to which has resulted within several assaults, when unable to produce paperwork establishing a felony conviction, has caused the label of a Sex Offender, a crime targeted for hatred, and physical assaults, within conjunction with classification obstruction within obtaining programs, and parole, causing injury.

Dkt. 1, at 2. I take him to be saying that Kruse reported him as having a Wisconsin felony conviction when he did not. But he does not explain how that false record caused any of the problems listed above, all of which presumably occurred in South Dakota.

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." The primary purpose of these rules is fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Serv's, Inc.*, 20 F.3d 771, 775 (7th Cir. 1994). I conclude that Rindahl's allegations against Kruse fail to comply with Rule 8 because she would not be able to understand what Rindahl is saying about the harm that was caused by her letter.

Rindahl brings another set of allegations. I take Rindahl to be saying that South Dakota prison officials who are family members of defendant Sara Larson (a Wisconsin assistant attorney general) and non-defendant Craig Larson (who works for the Wisconsin Highway Patrol) told Rindahl "[we are] looking up our relative, and having him drive up on you."

Rindahl says that one of the Larsons or other Wisconsin law enforcement officials then harassed Rindahl's relatives in Wisconsin.

These allegations are more understandable, but Rindahl does not explain how they are connected to the allegations against Kruse, so both sets of allegations might not belong in the same lawsuit. Under Federal Rule of Civil Procedure 20, Rindahl may join multiple people as defendants if he asserts a right to relief against them "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Under Federal Rule of Civil Procedure 18, Rindahl may then join individual unrelated claims against defendants who are already properly joined under Rule 20. *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 755 n.10 (7th Cir. 2015). Here, although most of the defendants are Wisconsin DOJ employees, the claim about Kruse's letter does not appear to have anything to do with the harassment allegations.

Because Rindahl's complaint does not comply with the rules discussed above, I will dismiss it and give him a chance to file an amended complaint that fixes these problems. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation. In particular, he should explain what was false about the information Kruse sent to him, how it was used against him in South Dakota, and how he was harmed by those uses. He should also explain whether his allegations about Kruse are connected with his allegations about harassment, and if they are, he should explain how they are connected.

Rindahl has also filed a document titled "Order for Discovery," Dkt. 5, in which he seeks discovery by the state. But he has not yet been allowed to proceed on any claims, so there is no need to consider such a request. Even if he were proceeding with claims, he would have to file discovery requests following the Federal Rules of Civil Procedure before asking this court

to order defendants to produce any materials. Should Rindahl's amended complaint state claims that move forward, the court will hold a telephonic pretrial conference at which Magistrate Judge Stephen Crocker will explain the discovery process in this court further.

ORDER

IT IS ORDERED that:

1. Plaintiff Randy Lee Rindahl's complaint is DISMISSED for failure to comply with the Federal Rules of Civil Procedure. He may have until November 15, 2017, to submit an amended complaint that fixes the problems discussed above.

2. Plaintiff's discovery motion, Dkt. 5, is DENIED.

Entered October 25, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge